**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TIMOTHY A. DAY, : | |
| : | Civil Action No. 07-4131 (NLH) |
| Plaintiff, : | |
| v. : | **O P I N I O N** |
| CHARLES E. SAMUELS, JR., : | |
| Defendant. : | |

**APPEARANCES**:

    TIMOTHY A. DAY, Plaintiff Pro Se
    # 43134-018
    FCI Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

**HILLMAN, District Judge**

    Petitioner, Timothy A. Day, is a convicted federal prisoner currently confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Plaintiff has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241; however, his claims concern the conditions of his confinement and the relief sought does not affect the length or duration of his prison sentence.[1] Accordingly, the Court will construe

---

[1] Federal law provides two avenues affording relief to federal prisoners: a petition for habeas corpus under 28 U.S.C. § 2241 and a civil action for damages and injunctive relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... [and] requests for relief

plaintiff's application for relief liberally, and recharacterize the petition as a civil Complaint seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971).

Plaintiff submitted an application to proceed <u>in forma pauperis</u>, which sufficiently avers to his indigency, and it appears that he is qualified to proceed <u>in forma pauperis</u>. Therefore, this Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to file the Complaint without prepayment of fees, pursuant to 28 U.S.C. § 1915(a) (1998).[2]

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes

---

turning on circumstances of confinement may be presented in a § 1983 [or <u>Bivens</u>] action." <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004).  Thus, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action by a federal prisoner under <u>Bivens</u> is appropriate.  See <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002).

[2]  The Court notes that plaintiff already has two strikes, or qualifying dismissals, under 28 U.S.C. § 1915(g).  See <u>Day v. Federal Bureau of Prison, et al.</u>, Civil No. 06-3339 (RBK) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); and <u>Day v. U.S. Dept. Of Justice, et al.</u>, Civil No. 06-5302 (RBK)(dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).

2

that the Complaint should be dismissed for failure to state a claim.

## I. BACKGROUND

Plaintiff, Timothy A. Day ("Day"), complains that he is not permitted to have coffee or hot water to make instant coffee while confined in administrative detention in the Special Housing Unit ("SHU") at FCI Fort Dix. Day states that when he first came to the SHU on December 28, 2005, fresh brewed coffee was served at breakfast and weekend brunch. Inmates also had hot water in their cells for hygiene purposes, and inmates could use the hot water to make instant coffee. The correctional officers then allegedly complained that it took too long to serve the fresh-brewed coffee to the inmates and the Warden ordered food service to stop sending coffee to the SHU. Day filed administrative remedy forms to get coffee served to the inmates in SHU. He alleges that the hot water was then shut off. Now he cannot wash his cup in his cell or make instant coffee.

Day alleges that the Warden responded to his grievances by saying that coffee was suspended because it has no nutritional value and inmates have used hot liquids in the past to assault other inmates and staff. Day states that the maximum security prison, U.S. Penitentiary Canaan in Waymart, Pennsylvania, serves coffee and allows inmates to have hot water in contrast to the new policy at FCI Fort Dix, which is a low security facility.

Day asserts that the removal of coffee and hot water from the cells in the SHU detention area violates his constitutional rights. He claims that his rights under the Equal Protection Clause are being violated, arguing that other inmates at FCI Fort Dix receive preferential treatment and are allowed coffee. Day also contends that the loss of coffee is a deprivation of personal property.

Day does not seek money damages; rather, he seeks injunctive relief, namely, that the Warden be directed to return coffee and hot water to the inmates' cells.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must

4

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim;

5

district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  DISCUSSION

#### A.  Bivens Actions

Day's claims of constitutional violations are asserted against a federal official, namely, the Warden at FCI Fort Dix, and therefore, are governed under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).

In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[3]  The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson

---

[3] Bivens actions are analogous to suits under § 1983 against state officials who violate federal constitutional or statutory rights.  The two bodies of law are not "precisely parallel;" however, there is a "general trend" to incorporate § 1983 law into Bivens suits.  Egervary v. Rooney, 80 F. Supp. 2d 491 (E.D.Pa. 2000)(*citing* Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation."  Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988)).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

The United States has sovereign immunity except where it consents to be sued.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  In the absence of such a waiver of immunity, plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).

7

B.  <u>Conditions of Confinement</u>

The Eighth Amendment to the United States Constitution prohibits the government from inflicting "cruel and unusual punishments" on those convicted of crimes.  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 344-46 (1981).  This proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency."  <u>Helling v. McKinney</u>, 509 U.S. 25, 32 (1993).  It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  <u>Id</u>. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and subjective component.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).  The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form a basis of an Eighth Amendment violation."  <u>Helling v. McKinney</u>, 509 U.S. at 32 (quoting <u>Rhodes</u>, 452 U.S. at 346).  This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  <u>Hudson v. McMillian</u>, 503 U.S. 1,9 (1992).  Thus, an inmate may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of

8

life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. Rhodes, 452 U.S. at 347-48.  However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349.  To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. Id. at 347.

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.  An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

In this case, Day has failed to allege any facts to support either the objective or subjective components of his Eighth Amendment claim.  The loss of coffee and hot water in his cell to make instant coffee is not an "extreme condition," nor is coffee a necessity of life.  Thus, the Warden's decision to suspend service of coffee in the SHU is merely restrictive, and does not rise to the level of a constitutional deprivation.

In addition, Day has not demonstrated "deliberate indifference." Day alleges that the Warden's decision was based on a safety and security concern, and also because coffee does not provide any nutritional value to an inmate's diet. Consequently, plaintiff fails to state a conditions-of-confinement claim under the Eighth Amendment.

C.  Equal Protection Claim

Day also generally asserts that his right to equal protection has been violated because other inmates receive preferential treatment, namely, they can get coffee. Despite its sweeping language, "[t]he Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim; a plaintiff also must prove that the defendant intended to discriminate. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 264-66 (1977); Washington v. Davis, 426 U.S. 229, 242, 244-45 (1976). Thus, discriminatory intent must be a motivating factor in the decision, but it need not be the sole motivating factor. Village of Arlington Heights, 429 U.S. at 265-66.

Under this standard, the Court finds that Day has failed to articulate an equal protection violation. Day has not alleged that he was singled out for discriminatory treatment different

from other similarly situated prisoners in the SHU. Inmates in SHU's administrative detention are not permitted to have hot liquids for safety and security reasons. Moreover, inmates are not members of a suspect class. See Myrie v. Comm'r, N.J. Dept. Of Corrections, 267 F.3d 251, 263 (3d Cir. 2001)(noting that inmates, as a class, do not constitute a "discrete and insular" minority); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir.), cert. denied 533 U.S. 953 (2001). Therefore, this Court concludes that plaintiff has failed to demonstrate any equal protection violation and this claim will be dismissed for failure to state a claim upon which relief may be granted.

D.  Deprivation of Property Claim

Finally, Day asserts a deprivation of property claim based on the Warden's decision to remove coffee from the SHU's administrative detention. For the reasons stated above, the loss of coffee does not constitute a serious deprivation of constitutional magnitude. Moreover, there is no allegation that Day's personal property was confiscated by the Warden to give rise to a tort claim for deprivation of property under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq.[4]

---

[4] A prisoner may pursue a remedy for deprivation of property due to the negligence or wrongful act of a federal employee under the FTCA. See 28 U.S.C. §§ 1346(b), 2671-80; 28 C.F.R. §§ 542.10, 543.30. The person wrongly deprived may present an administrative claim for damages to the appropriate federal agency. 28 U.S.C. § 2672.

11

**CONCLUSION**

For the reasons set forth above, this Court concludes that Day's petition under 28 U.S.C. § 2241 should be construed as a civil Complaint under <u>Bivens</u> alleging constitutional violations concerning the conditions of his confinement.  Further, the Complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.


                                         s/ Noel L. Hillman
                                         NOEL L. HILLMAN
                                         United States District Judge

Dated: October 5, 2007

At Camden, New Jersey